IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

QUENTIN C. WARD,

                    Plaintiff,                    ORDER

        v.                                          12-cv-177-bbc

WARDEN WILLIAM POLLARD,
SECRETARY GARY HAMBLIN,
DAN WESTFIELD, KATHY JESS,
DAI ADMINISTRATOR,
TERESA PAQUIN and LT. HEIDEMANN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Quentin Ward, a prisoner at the Waupun Correctional Institution, has submitted a proposed civil rights complaint.  Plaintiff has not prepaid the $350 filing fee. However, because plaintiff has struck out under 28 U.S.C. § 1915(g), he cannot obtain indigent status under § 1915 unless his complaint alleges facts from which an inference may be drawn that he is in imminent danger of serious physical injury.

      Rather than seek <u>in forma pauperis</u> status upfront, plaintiff has filed a motion asking the court to order the withdrawal of plaintiff's release account funds to pay the entire filing fee.  The use of release account funds is governed by state law.  Wis. Admin. Code § DOC 309.466.  That section does not contain any provision for the withdrawal of funds for such a purpose.  The language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required

1

to use a prisoner's release account to satisfy an *initial partial payment* of the filing fee if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005). However, with the exception of such initial partial payments, this court does not have the authority to tell state officials whether, and to what extent, a prisoner should be able to withdraw money from his release account. Accordingly, I will deny plaintiff's motion. Because he has not included the filing fee, I will construe his complaint as including a request to proceed in forma pauperis. After considering his allegations, I will deny him leave to proceed in forma pauperis because his allegations do not meet the imminent danger standard, and will give him a chance to prepay the filing fee before dismissing the action.

## DISCUSSION

28 U.S.C. § 1915(g) states as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has been denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Ward v. McCaughtry, No. 99-cv-509-jcs (W.D. Wis. Sept. 3, 1999); Ward v. McCaughtry, No. 96-C-731 (E.D. Wis. Sept. 10, 1997); Ward v. State of Wisconsin, No. 96-cv-842-jcs (W.D. Wis. Oct. 11, 1996).

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must

allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that prison staff denied him a newspaper subscription, charged him a fee for being on the sex offender registry even though he is incarcerated and denied him use of the bathroom, forcing him to urinate and defecate in the garbage can in his cell. While these allegations might be able to sustain valid constitutional claims, none of the allegations suggest that plaintiff is in imminent danger of serious physical harm. Accordingly, plaintiff cannot proceed in this case in forma pauperis. He may have until September 3, 2012 in which to submit the full $350 filing fee, or the case will be dismissed without prejudice.

ORDER

IT IS ORDERED that

1. Plaintiff Quentin Ward's motion for withdrawal of release account funds to pay the filing fee in this action, dkt. #2, is DENIED.

2. Plaintiff's motion for leave to proceed in forma pauperis, dkt. #1, is DENIED because plaintiff's allegations do not qualify under the imminent danger exception to 28 U.S.C. § 1915(g).

3. Plaintiff may have until August 31, 2012 to submit the full $350 filing fee for this

action, or the case will be dismissed without prejudice.

Entered this 20th day of August, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge